UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN JOSEPH WASHINGTON, JR.,

    Plaintiff,

v.                                     Case No. 22-cv-0701-bhl

STATE OF WISCONSIN,

    Defendant.

---

## SCREENING ORDER

---

    Plaintiff Kevin Joseph Washington, Jr., who is currently incarcerated at the Kenosha County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Washington's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Washington has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Washington has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court has determined that he lacks the assets or means to pay an initial partial filing fee. Therefore, the Court waives his obligation to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). Washington is required to pay the $350 statutory filing fee over time in the manner described at the end of this decision.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

### ALLEGATIONS OF THE COMPLAINT

Washington asserts that the State of Wisconsin refuses "to dismiss a false accusation case of a heinous crime . . . ." He states that this false accusation equates to slander and is "messing up [his] life, caus[]ing hate crime, and harm[ing his] mental health." He notes that he has lost his home and has missed out on school and "household things." According to Washington, "this thing happened in Kenosha Wisconsin and in Kenosha County Jail, K.C.D.C. Jail." He asserts that the accusation appears on his record, CCAP, and television and is discussed by people on the street and in jail. Washington wants to move out of Kenosha and $1.2 million because he has lost everything while he's been in jail for the past twenty-three months. Dkt. No. 1 at 2-3.

### THE COURT'S ANALYSIS

Washington sues the State of Wisconsin for damages based on allegations that he has been falsely charged with committing a heinous crime. According to the Wisconsin Circuit Court Access website, Washington has an open criminal case in which he has been charged with violating Wis. Stat. §§948.11(2)(a) and 948.02(2). *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html (case search: Kenosha County Case No. 2020CF963). A trial is set to begin on September 27, 2022.

To begin, Washington cannot sue the State of Wisconsin for damages because it is not a "person" within the meaning of §1983 and therefore not subject to suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). But, even if Washington had named a proper defendant, his complaint must be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, any suit for damages premised on a violation of civil rights is barred if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. Thus, "[s]hould success in a civil suit necessarily imply the invalidity of a conviction or sentence,

3

*Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). The Seventh Circuit has explained that "[t]his rule applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." *Id.* (citations omitted). "So if a prisoner or an individual facing prosecution seeks damages using §1983 for an alleged violation of his civil rights, a district court must first determine whether 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the plaintiff's actual or potential conviction." *Id.*

Washington asserts that he is entitled to damages because the charges pending against him are false. A judgment entered in favor of Washington on this claim would necessarily imply the invalidity of his potential conviction. Accordingly, Washington may not proceed on such a claim unless the charges against him are dismissed or, in the event he is convicted, his conviction is nullified. Washington may contest the charges at his criminal trial, and if he is convicted, he may contest the conviction on appeal or in a habeas corpus action, but he may not contest the charges or conviction in a civil rights case.

**IT IS THEREFORE ORDERED** that Washington's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because it is barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the agency having custody of Washington shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly

4

identified by the case name and number assigned to this action. If Washington is transferred to another institution, the transferring institution shall forward a copy of this Order along with Washington's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Washington is confined.

Dated at Milwaukee, Wisconsin on July 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.